## SUPERIOR COURT OF BALTIMORE CITY.

Filed August 17, 1906.

### EDWIN M. WILMER, TO THE USE OF THOMAS F. CLARK,
### VS.
### HERMAN SCHIMINGER.

*Charles J. Wiener* for plaintiff.
*David Ash* for defendant.

PHELPS, J.—

Edwin M. Wilmer recovered a judgment for twenty dollars and twenty-eight cents, and a counsel fee of ten dollars as per contract against the defendant above named before a justice of the peace, which judgment was assigned to Thomas F. Clark, and duly

422

recorded in the proper records of this court. Thereafter a petition was filed in behalf of the plaintiff praying that an order might be passed requiring the defendant to attend, and be examined before David H. Lucchesi, J. P., concerning his property, interests, money and credits, and be ordered to produce before said examiner all his books, papers and accounts showing his assets and financial condition. And thereupon an order was passed by this court of the first day of May, 1906, of the tenor mentioned in said petition.

Said proceeding is claimed to have been taken in pursuance of an Act of Assembly passed at the last session of the Legislature. As this recent enactment has never before been brought into controversy it will be quoted at large, as follows:

"An Act to add an additional Section to Article 75 of the Code of Public General Laws of the State of Maryland, title "Pleading, Practice and Process of Law," sub-title "Supplementary Proceedings," and to be known as Section 140A.

Section 1. Be it enacted by the General Assembly of Maryland, That Article 75 of the Code of Public General Laws of the State of Maryland, title "Pleading, Practice and Process at Law," sub-title "Supplementary Proceedings," be and it is hereby amended by adding thereto an additional section, to be known as Section 140A, to follow immediately after Section 140, and to read as follows:

Section 140A. The provisions of the foregoing sections of this sub-title (designated as Sections 136, 137, 138, 139 and 140), shall be held to apply to judgments rendered before the justices of the peace of the State of Maryland, provided the said judgments shall have been recorded in the Superior Court of Baltimore (if the same have been rendered in Baltimore city), or in the Circuit Courts of the counties where the same have been rendered, and said Superior Court of Baltimore city and the Circuit Courts of the several counties, shall have jurisdiction to carry out the provisions of the said sections of this sub-title and of this Act.

Section 2. And be it enacted, That this Act shall take effect from the date of its passage."

Approved April 3, 1906.

Acts of 1906, Chapter 396.

The matter now before the court arises on a petition of the defendant to rescind the order subjecting him to supplementary proceedings, as improvidently passed. After oral argument, elaborate briefs have been submitted, which reflect great credit upon the research and ability displayed by the respective counsel. In this particular case the amount at stake is trifling, but as it is understood that the same questions are involved in a multitude of other cases, pending or impending, the case is entitled to be treated as one of considerable importance.

The order of court appears to have been signed by the writer of this opinion, but being ex parte was obtained of course at the risk of the applicant and liable to be rescinded at any time on cause shown.

The causes now shown against the validity of the order are mainly two, both denying the jurisdiction of the court in the premises.

It is first contended that the Act (1906, Chapter 396) is unconstitutional, in that it contravenes Section 29 of Article 3, which requires that every law should "embrace but one subject, and that shall be described in its title." It is argued that the only information afforded by the title as to the subject of the Act, is merely the addition of a section relating to supplementary proceedings; that the title fails to call attention to the material expansion of the jurisdiction of justices of the peace, an entirely new departure, which is claimed to be the really important and substantial subject of the Act, and that by introducing the new section into Article 75 of the Code, "which deals only with the procedure of courts of record, the title was not only inadequate but positively misleading. In this connection attention is called to a bill which failed to pass the same legislature to accomplish the same purpose, and the inference is sought to be drawn that the failure of that bill was due to the frank disclosure in its title, which reads as follows: "A bill entitled an Act to add a new Section to Article 52 of the Code of Public General Laws, title "Justices of the Peace," sub-title "Supplementary Proceedings on Judgments rendered by justices of the peace, to be known," etc., etc.

Senate Bill Number 30.

It is suggested that even if the inference referred to cannot fairly be drawn, a comparison of the title of 1906, Chapter 396, with the title to Senate Bill Number 30, affords by contrast, a striking practical illustration of the inadequate and misleading character of the title of the Act in question.

Several other considerations are brought forward in the same connection, but it is not deemed necessary to pursue further this interesting branch of the case, inasmuch as the decision will be placed upon another ground, and the constitutional question will be held in abeyance.

We will now take up the question of the legal insufficiency of the petition upon which the order was based.

In order to understand this point it will be necessary to examine with care the language of Section 136 of Article 75 of the Code, as follows:

Supplementary Proceedings, 1890, Ch. 558, Sec. 87A.

136. "At any time within which an attachment or execution might issue upon a judgment or decree, upon satisfactory proof being made to the court, by affidavit or otherwise, by the judgment creditor, that it is probable that the judgment debtor has property of credits which would be liable to said attachment or execution and that the said judgment debtor is concealing or has concealed or disposed of the same with intent to evade the effect of said judgment, the court wherein such judgment was rendered shall issue an order requiring said debtor to attend, and be examined concerning said property or credits at a time and place specified in said order, either in open court or before a standing commissioner or examiner as therein directed."

It will be observed that what the court is required to be satisfied of, by affidavit or otherwise, is not that the creditor *believes* it to be probable, etc., etc., but that in point of fact it *is* probable that the debtor has property, etc., and is concealing, etc. If such is the creditor's belief, and if the belief is so strong that the creditor is willing to swear to it, then the belief must be founded on facts within the creditor's knowledge. If no such facts exist, then the belief is unfounded. If they exist they should be distinctly alleged

in order that the court may be able to see for itself—to be satisfied that there is such a probability as is claimed.

It is contended on behalf of the plaintiff that the petition here follows the exact language of the Code, and that the same objection could be made to every affidavit upon which attachments on original process have issued.

The petition states as follows: "Your petitioner believes and therefore charges that it is probable that the judgment debtor, Herman Schiminger, has property, interests, money, income and credits which would be liable to the writ of fieri facias and other legal processes, and out of which assets said defendant could pay such judgment if so disposed, and that said judgment debtor is concealing and has concealed and disposed of his said property, interests, money, income and credits, with intent to evade the effect of said judgment."

The argument that the language of the Code has been followed loses sight of the requirement that the proof, whether by affidavit or otherwise, should be "satisfactory" to the court. No man's mere statement of his belief, without showing upon what his belief is based, can or ought to be satisfactory to any court or jury. Nothing specific or definite is set forth in the petition. No special circumstances are offered, nothing to distinguish or differentiate the case from the common mass of uncollectable judgments. Every creditor who holds an uncollectable judgment, and whose desire to realize on it is imperative enough to raise in his mind a strong suspicion which soon grows naturally into a "belief" that his disappointment must be, and therefore is, the result of some fraudulent practice on the part of his debtor, could make the same affidavit. If the legislature had intended that the mere inability to collect a judgment by the ordinary means, should give to every disappointed creditor the right to the extraordinary and stringent process in question, the legislature would have so enacted.

As to the supposed analogy with the affidavit in attachment on original process, it is well pointed out by the defendant's counsel that the analogy fails in several important particulars. In attachment on original process a rigid statutory formula is to be followed as a prerequisite to a merely

ministerial act, and no court is required to be satisfied in advance that the case is a proper one for the issuance of the writ. In attachment on original process, moreover, no step can be taken before the execution and filing of an approved bond, and after the writ has been issued the attachment may be dissolved upon the giving of a bond. In supplementary proceedings, on the contrary, no bond is required or provided for.

Other points of difference have been mentioned, but the above will suffice to show that the law of supplementary proceedings is not governed by the law of attachment on original process.

The petition in question is legally insufficient in that it sets forth a conclusion or inference of fact as a belief, without stating the specific facts, if any there are, on which the belief is founded.

It having been shown that the *ex parte* order in question was improvidently passed for want of such "satisfactory" proof as is required by law, the order will have to be rescinded, and it is so ordered by the court, this 17th day of August, 1906.